UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21470-Civ-COOKE/TURNOFF

JORGE EDUARDO PIMIENTA BONILLA,
a sole proprietorship d/b/a CREAGRAF,

    Plaintiff
vs.

CRYSTAL GRAPHICS EQUIPMENT, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 18). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, the Motion is granted in part and denied in part.

### I. BACKGROUND

This action arises from one disputed transaction for the sale of goods. The facts set forth here are taken from the Plaintiff's Complaint (ECF No. 1).[1] Plaintiff, Jorge Eduardo Pimienta Bonilla, is the sole proprietor of CREAGRAF, a company organized under the laws of the country of Uruguay. Defendant, Crystal Graphics Equipment, Inc., is a now-inactive New York corporation that was doing business in Florida.

Beginning June 6, 2010, Plaintiff and Defendant exchanged several e-mails regarding the purchase of a used ADAST printing press. Defendant's agent, Michael Reboredo, told Plaintiff that the printing press was fully operational, that it contained all of its parts, although some were damaged, and the machine was in excellent condition except for the fourth printing tower, which

---

[1] *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

was damaged.

On around June 11, 2010, Plaintiff paid Defendant $95,000 for the purchase of the printing press. Plaintiff has attached to his Complaint Defendant's signed invoice reflecting this payment. (ECF No. 1-3). On July 12, 2010, Defendant shipped the machine to Plaintiff in Montevideo, Uruguay. The shipment arrived on September 3, 2010.

Upon inspection, Plaintiff discovered that the printing press was missing certain parts. Plaintiff informed Defendant of the problems on September 6, 2010. From October to November 2010, the parties exchanged communications regarding the missing parts, and Defendant eventually shipped the missing parts to Montevideo. Plaintiff subsequently notified Defendant that the parts were not compatible with the ADAST printing press. Defendant provided a programming code to Plaintiff to fix the problem, but the code did not work.

Throughout the month of November 2010, Plaintiff attempted to communicate with Defendant several times to resolve the problem, but received no further response. Plaintiff eventually hired his own mechanics to try to fix the machine. Despite these efforts, the printing press remains inoperable.

On April 27, 2011, Plaintiff brought this lawsuit, which asserts causes of action for breach of contract, fraudulent misrepresentation, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and unjust enrichment. Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. ANALYSIS

#### A. Breach of Oral Contract (Count I)

Defendant argues that the Statute of Frauds bars Plaintiff's claim for breach of oral contract because the contract involves the sale of goods over $500. Florida's Uniform Commercial Code's ("UCC") Statute of Frauds provides:

> a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker.

Fla. Stat. § 672.201(1).

A contract that does not satisfy the writing requirement may nonetheless be enforceable "[w]ith respect to goods for which payment has been made and accepted or which have been received and accepted." Fla. Stat. § 672.201(3)(c). Plaintiff alleges in his Complaint that he paid

3

for the ADAST printing press in full. Plaintiff attaches to this Complaint the invoice, which is stamped "paid" and contains Defendant's stamp and a signature. These allegations are sufficient to take the contract out of the Statute of Frauds. *See LEA Indus., Inc. v. Raelyn Int'l, Inc.*, 363 So. 2d 49, 52 (Fla. Dist Ct. App. 1978).

Further, Florida's UCC provides:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received.

Fla. Stat. § 672.201(2). This is known as the "merchant exception." Pursuant to this provision, an oral agreement to sell goods worth over $500 is enforceable where the agreement "is evidenced by a writing which (1) evidences a contract for the sale of goods, (2) is signed by the party to be charged, and (3) specifies a quantity." *Topp, Inc. v. Uniden Am. Corp.*, 483 F. Supp. 2d 1187, 1214 (S.D. Fla. 2007). Additionally, "the writing must be received within a reasonable time after the verbal agreement." *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633, 2010 WL 1410558, at *5 (S.D. Fla. Mar. 31, 2010).

Plaintiff has sufficiently alleged that he and Defendant are both merchants, as that term is understood under Florida's UCC. The invoice evidences a contract for the sale of the ADAST printing press, it contains Defendant's stamp and signature, it specifies the quantity (i.e., 1 used ADAST printing press), and it is dated June 17, 2010, six days after the parties allegedly entered into the oral agreement.[2] *See Advanced Mobilehome Sys. of Tampa, Inc. v. Alumax Fabricated Prods., Inc.*, 666 So. 2d 166, 168 (Fla. Dist. Ct. App. 1995). I find that the Complaint alleges sufficient facts to establish the existence of an oral agreement for the sale of goods over $500,

---

[2] I note that Plaintiff has not disputed the authenticity of the documents attached to Plaintiff's Complaint. I do not decide here whether the stamp and signature are authentic. At this stage of proceedings, however, I must accept all well-pleaded facts as true, including allegations made through incorporated documents.

4

outside of the Statute of Frauds.

## B. **Fraudulent and Negligent Misrepresentations (Counts II and III)**

Plaintiff asserts fraudulent and negligent misrepresentation claims based on Defendant's statements that the printing press was operable, it contained all of its parts, damaged or not, and besides the damage to the fourth printing tower, there were no other problems with the machine.

The economic loss rule is a judicially created doctrine that precludes certain tort actions where the only damages suffered by the plaintiff are economic losses. *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). The rule applies "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." *Id*. Thus, "a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract." *Id*. at 537 (citing *Electronic Sec. Sys. Corp. v. Southern Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. Dist. Ct. App. 1986)). There are certain exceptions where a tort action will lie despite the existence of a contract. "Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breach the contract." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

Plaintiff's misrepresentation claims are based on statements that consist of the promises that make up the oral contract itself. Plaintiff does not allege any tort independent from the acts that breached the contract. The economic loss rule therefore bars Plaintiff's misrepresentation claims. *See Hotel of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So. 2d 74, 78 (Fla. Dist. Ct. App. 1997) ("[W]here the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule applies and the parties are limited to pursuing their rights in contract."); *Lake Placid Holding Co. v. Paparone*, 508 So. 2d 372, 377 (Fla. Dist. Ct. App. 1987) ("[A] fraud cannot be predicated solely upon the failure to perform a promise." (internal quotation marks omitted)).

C.  **Breach of Implied Covenant of Good Faith and Fair Dealing (Count IV)**

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  Restatement (Second) of Contracts § 205 (1981); *see also In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1315 (S.D. Fla. 2010) ("[W]hen one party is given discretion to act under a contract, said discretion must be exercised in good faith."); *N. Am. Van Lines, Inc. v. Lexington Ins. Co.*, 678 So. 2d 1325, 1333 (Fla. Dist. Ct. App. 1996) ("[T]he bad faith action is essentially one for breach of contract, which includes, under the case law, an implied good faith obligation.").

Because Plaintiff has sufficiently alleged the existence of an oral contract outside of the Statute of Frauds, Plaintiff's claim for breach of implied covenant of good faith and fair dealing survives dismissal.

D.  **Breach of Express Warranty, Implied Warranty of Merchantability, and Implied Warrant of Fitness for Particular Purpose (Counts VI through V)**

Plaintiff raises claims for the breach of express warranties, implied warranty of merchantability, and implied warranty of fitness for a particular purpose.  As noted above, Plaintiff has sufficiently alleged the existence of an oral contract outside the Statute of Frauds because he alleges that he paid for the goods and the agreement falls under the merchant exception.  Defendant argues that the inclusion of a disclaimer in the invoice stating that the machine is sold "as is" precludes these claims.

 "A confirming writing that satisfies section 2-201 of the Uniform Commercial Code does not prove the terms of the contract, it merely eliminates the statute of frauds defense."  *Advanced Mobilehome Sys. of Tampa, Inc.*, 666 So. 2d at 169.  Whether the parties contemplated the "as is" term, and whether it is an additional term that materially alters the parties' agreement is an issue of fact more appropriately considered on summary judgment.  *See id*. (considering facts to determine terms of oral contract memorialized by invoices); *Knipp v. Weinbaum*, 351 So. 2d 1081, 1084-85

6

(Fla. Dist. Ct. App. 1977) (whether buyer reasonably believed seller was disclaiming warranties was question of disputed fact). Further, even if I were to hold that the disclaimer is a term of the contract, I must still consider all the circumstances to determine whether the disclaimer's language is sufficient to exclude or modify the implied warranties. *See* Fla. Stat. § 672.316(2), (3).

### E. Unjust Enrichment (Count VIII)

Plaintiff simultaneously alleges the existence of a contract and seeks equitable relief under the theory of unjust enrichment. "Under Florida law, when a party has alternative, inconsistent remedies, his choice of one remedy precludes further pursuit of the second." *In re Alchar Hardware Co.*, 764 F.2d 1530, 1534 (11th Cir. 1985). "[R]ecovery of damages under both a quantum meruit and a contract theory is inconsistent, such remedies being mutually exclusive and alternative measures of recovery." *Wynfield Inns v. Edward LeRoux Grp., Inc.*, 896 F.2d 483, 488 (11th Cir. 1990). An election between inconsistent remedies, however, "is made after a verdict is entered but prior to the entry of judgment." *Id*. It is premature, at this stage of litigation, to require Plaintiff to make an election of remedies. *See also ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997).

### IV. CONCLUSION

For the reasons provided in this Order, the Defendant's Motion to Dismiss (ECF No. 18) is **GRANTED in part and DENIED in part**, as follows:

1. Counts II and III are **DISMISSED** *without prejudice*.

2. All other counts remain.

**DONE and ORDERED** in chambers at Miami, Florida, this 31st day of January 2012.

_____
MARCIA G. COOKE
United States District Judge

7

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*